IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN,<br>                  Plaintiffs,<br>-vs-<br><br>BUDGET ELEVATOR, INC. and JAMES FIORE,<br><br>                  Defendants. | CIVIL ACTION<br><br>**FILED: JUNE 19 , 2008**<br>NO. **08CV3510**<br>    **JUDGE PALLMEYER**<br>    **MAGISTRATE JUDGE BROWN**<br><br>    **AEE** |

## COMPLAINT

NOW COME the Plaintiffs, TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN, and for their Complaint against Budget Elevator, Inc. and James Fiore state as follows:

COUNT I- BUDGET ELEVATOR, INC.

1.    This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"), Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a), and 28 U.S.C. §1331.  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2.    The Plaintiffs are the Board of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity And 401(K) Retirement Plan  (collectively referred to as "NEI Trust Funds"). The NEI Trust Funds are multi-employer employee benefit plans as that term is defined

in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§1002(3) and (37).

3. The NEI Trust Funds are established and maintained according to the provisions of Ageements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendant, Budget Elevator, Inc.

4. Defendant, Budget Elevator, Inc. ("Budget"), was a corporation existing under the laws of the Illinois with offices located at 8240 Rutherford Dr., Woodridge, Illinois 60517. Budget transacts business in Illinois as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

5. At all relevant times, Budget was signatory to a Collective Bargaining Agreement(s) with the International Union of Elevator Constructors establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by Budget.

6. Pursuant to its Collective Bargaining Agreement(s), Budget agreed to pay to the NEI Funds certain sums of money for each hour worked by all employees of Defendant Budget covered by the Collective Bargaining Agreement.

7. Budget employed certain employees covered by the Collective Bargaining Agreement(s) from at least April 1, 2007 to July 9, 2007.

8. Pursuant to Article VI, Paragraph 7 of the Trust Agreements, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> the Trustees are hereby empowered to project the amount of damages by averaging the monthly payments actually made by such Employer for the previous three (3) months for which such payments were made, or the average

2

monthly payments made by such employer for the previous twelve (12) months for which payments were made, whichever average is greater. Such monthly average may be used as a determination of payments due for each delinquent month, and may be used for purposes of any lawsuit, and no other proof need be furnished by the Fund to any court, arbitrator or referee to compute the total payments due from the Employer for all delinquent months. The Trustees shall seek interest, liquidated damages, costs and attorneys' fees on any estimated amounts.

9. Budget is bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Participation in the NEI Trust Funds (hereafter "Guidelines"). The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

10. The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time: The Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed. In addition to the liquidated damages authorized under the ERISA, the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions. The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

10. Budget failed to report and submit contributions on behalf of its elevator constructors for the period from at least June 1, 2007 to July 9, 2007.

3

11.     Using report forms submitted for the last twelve (12) months for which actual payments were paid, the projected delinquency for the months of June, 2007 to July 9, 2007 is $9,060.00.

12.     The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorneys' fees, audit fees and court costs. Budget is bound to the Agreements and Declarations of Trust.

13.     Pursuant to this provision, Budget is obligated to the NEI Trust Funds in liquidated damages assessed on the delinquent contributions for the months of June, 2007 to July 9, 2007, interest pursuant to 29 U.S.C. §1132(g)(2)(B) from the date of delinquency through the date of payment, and attorney's fees and costs.

14.     Pursuant to 29 U.S.C. §1132 (g)(2)(C), Budget is obligated to pay an amount equal to the greater of:

(a)     interest on any unpaid contributions or,

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, Plaintiffs move this Honorable Court to enter judgment in their favor and against BUDGET ELEVATOR, INC.:

A. For unpaid contributions for the period from at least June 1, 2007 to July 9, 2007 in the sum of at least $9,060.00 plus interest;

B. For liquidated damages on all unpaid contributions or, if greater, interest pursuant to 29 U.S.C.§1132(g)(2)(C);

C. For attorney's fees and costs expended in bringing this lawsuit;

D. For such further relief as the Court may deem appropriate.

## COUNT II - JAMES FIORE

1. Plaintiffs reallege and incorporate Paragraphs 1-10 and 12-14 of Count I as Paragraph 1 of this Count II as if fully set forth herein.

2. Budget reported hours for which contributions are due and unpaid for April, 2007 and May, 2007, in the sum of $30,132.10.

3. Using report forms submitted for the last twelve (12) months for which actual payments were paid, the projected delinquency for the months from June, 2007 to July 9, 2007 is $9,060.00.

4. On April 13, 2007, Budget was dissolved as a corporation by the Illinois Secretary of State.

5. Defendant, James Fiore, was the President of Budget at the time of its dissolution and continued to conduct business and carry on the operations of Budget on and after April 13, 2007. As a result, James Fiore is liable for debts and obligations incurred by Budget on and after April 13, 2007.

WHEREFORE, Plaintiffs move this Honorable Court to enter judgment in their favor and against JAMES FIORE:

A. For $39,192.10 in unpaid contributions for the period of April, 2007, to July 9, 2007.

B. For liquidated damages on all unpaid contributions or, if greater, interest pursuant to 29 U.S.C. §1132 (g)(2)(C);

C.   For attorney's fees and costs expended in bringing this lawsuit;

D.   For such further relief as the Court may deem appropriate.

                Respectfully submitted,

                TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN

                By: /s/ Joseph P. Berglund
                    One of Their Attorneys

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-3823
(630) 990-0234
BerglundMastny@aol.com