IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN,<br>      Plaintiffs,<br> -vs-<br><br>BUDGET ELEVATOR, INC. and JAMES FIORE,<br><br>      Defendants. | No. 08 C 03510<br><br>Hon. Rebecca R. Pallmeyer |

**PLAINTIFFS' MOTION FOR**
**DEFAULT JUDGMENT AGAINST BUDGET ELEVATOR, INC.**

 NOW COME the Plaintiffs, TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT AND EDUCATIONAL FUNDS, ELEVATOR INDUSTRIY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN ("Trustees") by and through their attorneys, BERGLUND & MASTNY, P.C., and for their Motion For The Entry of Default Judgment against Budget Elevator, Inc. state as follows:

 1. Defendant, Budget Elevator, Inc., was served with Summons and Complaint on June 24, 2008 [Doc. 11].

 2. Defendant, Budget Elevator, Inc. has failed to file its Appearance, Answer or otherwise plead in this matter.

 3. Defendant owes the sum of $9,060.00 in contributions, $1,812.00 in liquidated damages, and $1,812.00 in interest for the period from June 1, 2007 through July 9, 2007.  See attached Exhibit A: Declaration of Robert O. Betts, Jr. at ¶¶ 10-14.

4. Pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1132(g)(2), Defendant owes the sum of $1640.00 in attorney's fees and $438.32 in costs. See attached Exhibit B: Declaration of Joseph P. Berglund.

WHEREFORE, Plaintiffs move this Honorable Court to enter a Default Judgment against Budget Elevator, Inc., in the total amount of $13,699.26, which represents delinquent contributions of $9,060.00, plus interest of $748.94, liquidated damages of $1,812.00 on all unpaid contributions, attorneys fees of $1,640.00 and costs of $438.32, and for such other relief deemed just and equitable.

    Respectfully submitted,

    TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN

    By:   /s/Joseph P. Berglund
           One of Their Attorneys

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
1010 Jorie Blvd, Suite 370
Oak Brook, Illinois 60523-2229
(630) 990-0234

J:\C-Drive\WPDOCS\TRUSTEES\BUDGET ELEVATOR\MOT 4 Default JDGMT-Budget.wpd

# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN<br><br>Plaintiffs,<br><br>v.<br><br>BUDGET ELEVATOR, INC. AND JAMES FIORE<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>:<br>:<br>:<br>: |

### AFFIDAVIT OF ROBERT O. BETTS JR. IN SUPPORT OF PLAINTIFFS' COMPLAINT

I, Robert O. Betts Jr., Executive Director of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Fund, Elevator Constructors Annuity and 401(K) Retirement Plan Funds (hereafter the "Trust Funds"), hereby declare, certify, and verify and state under penalty of perjury that the following is true and correct.

1. I am the Executive Director for the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Fund, Elevator Constructors Annuity and 401(K) Retirement Plan Funds, and I am authorized to execute this Affidavit on behalf of the Trustees of the NEI Funds.

2. That the Defendant Budget Elevator was signatory to a Collective

1



EXHIBIT
A

Bargaining Agreement (hereafter the "Agreement") with the International Union of Elevator Constructors (hereafter the "Union"), and at all times relevant to this matter was bound to the Agreement.

3. That on June 19, 2008, the Trustees filed suit against Budget Elevator and its owner James Fiore to collect delinquent contributions. That pursuant to the Agreement, Budget Elevator agreed to pay the Trust Funds certain sums of money for each hour worked by Defendant's employees covered by the Agreement.

4. Defendant Budget Elevator employed employees performing covered work during the period of time between July 2006 through and including July 9, 2007.

5. Pursuant to its requirements under the Collective Bargaining Agreement and the Agreements and Declarations of Trust of the National Elevator Industry Benefit Plans, Budget Elevator must file with the National Elevator Industry Benefit Plans' office monthly reporting forms indicating the number of hours worked by its employees under the Agreement, and pay the corresponding contributions due the Funds.

6. Budget Elevator filed the monthly report forms indicating the exact amount of contributions due for the months of April and May 2007, and has not paid the full amount of corresponding contributions for the months of April 2007 through and including July 9, 2007.

7. The Defendant has reported contributions due in the amount of $30,132.10 for the months of April and May 2007. The Defendant has not submitted any amounts for this time period. As such, a balance exists in the amount of $30,132.10.

8. Interest charges are calculated for all reported contributions at the Internal

Revenue Service rate in effect during each month that a delinquency exists and is calculated on the outstanding balance on the sixteenth of each month whether the balance is comprised of either principal, interest or both.

9. Defendant is obligated to the Plaintiffs in the amount of $748.94 for interest for the late payment of contributions for the period of June 1, 2007 through and including July 8, 2007.

10. Defendant's contributions on behalf of its elevator constructors for the period April 2007 through and including July 2007 are late.

11. The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from the day after the due date to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorneys' fees, audit fees and court costs. Budget Elevator is bound to the Agreements and Declarations of Trust.

12. Pursuant to Article VI, Paragraph 7 of the Trust Agreements, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> the Trustees are hereby empowered to project the amount of damages by averaging the monthly payments actually made by such Employer for the previous three (3) months for which such payments were made, or the average monthly payments made by such Employer for the previous twelve (12) months for which payments were made, whichever average is greater. Such monthly average may be used as a determination of payments due for each delinquent

month, and may be used for purposes of any lawsuit, and no other proof need be furnished by the Fund to any court, arbitrator or referee to compute the total payments due from the Employer for all delinquent months. The Trustees shall seek interest, liquidated damages, costs and attorneys' fees on any estimated amounts.

Using report forms submitted for the last twelve (12) months for which actual payments were paid, the projected delinquency for the month of June 2007 through July 9, 2007 is $9,060.00.

13. Defendant is obligated to the Plaintiffs in the amount of $1,812.00 in liquidated damages pursuant to the terms of the Agreements and Declarations of Trust of the Trust Funds. This sum is 20% of the monthly contributions due for June 2007 through July 9, 2007.

14. The aforesaid amounts have not been paid.

Under the penalty of perjury, I declare that the statements in this Affidavit are true and correct to the best of my knowledge and belief.

_____
Robert O. Betts Jr., Executive Director

Subscribed and sworn
to before me this 4th day
of September 2008.
_Barbara A. Capretti_
Notary Public

NOTARIAL SEAL
Barbara A. Capretti, Notary Public
Newtown Twp., Delaware County
My commission expires January 27, 2010

4

# EXHIBIT

# B

## DECLARATION

I, Joseph P. Berglund, declare under penalty of perjury under the laws of the United States of America, that the following is true and accurate:

1. I am an attorney and shareholder in the law firm of Berglund & Mastny, P.C.

2. The law firm of Berglund & Mastny, P.C. has been retained by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(K) Retirement Plan ("Trustees") to collect contributions owed by Budget Elevator, Inc.

3. I have been licensed to practice law in the State of Illinois since 1990 and am a shareholder in the law firm of Berglund & Mastny, P.C. Kenneth Mastny has been licensed to practice law in the State of Illinois since 2005.

4. The hourly rates listed below are reasonable and customary for attorneys with like skill, expertise, and experience in matters involved to collect contributions owed by Budget Elevator.

5. The hourly rates for attorneys Joseph P. Berglund and Kenneth M. Mastny are $200.00 per hour.

6. The attorneys' fees and costs itemized in the attached Summary of Attorney Fees and Costs were charged by Berglund & Mastny, P.C. in representing the Trustees, and such fees and costs are necessary and reasonable and customary in light of the matters involved in this case and in view of Budget Elevator, Inc.'s refusal to pay contributions.

7. The Defendant has incurred reasonable and necessary attorneys' fees and costs in this matter as evidence in the attached Summary in the amount of $1,640.00 and $438.32 respectively.

Dated:   September 4, 2008         By:   /s/ Joseph P. Berglund
                                         Joseph P. Berglund

J:\C-Drive\WPDOCS\TRUSTEES\BUDGET ELEVATOR\Declaration JPB.wpd


EXHIBIT B

## Summary of Attorney Fees and Costs

|  |  |  | Hours | Amount |
|---|---|---|---:|---:|
| 5/30/2008 | JPB | Correspondence to Dave Capuano regarding spreadsheet, estimates for June and July 2007, and Collective Bargaining Agreement. | 0.25 | 50.00 |
| 6/13/2008 | JPB | Complete drafting complaint against Budget Elevator and James Fiore. | 0.75 | 150.00 |
| 6/18/2008 | JPB | Correspondence to David Capuano regarding draft complaint; review correspondence from David Capuano regarding termination of CBA on 07/09/07 and calculation revisions; revise complaint; correspondence to David Capuano regarding revised complaint. | 0.75 | 150.00 |
| 6/19/2008 | JPB | Correspondence to process server regarding service of summons and complaint upon James Fiore and Budget Elevator. | 0.20 | 40.00 |
| 7/7/2008 | JPB | Review minute order issued by Judge Pallmeyer resetting the August 20, 2008 status hearing to August 28, 2008; direct staff to docket new status hearing; | 0.30 | 60.00 |
| 8/28/2008 | KMM | Travel downtown; court appearance - status on case; return to office. | 2.40 | 480.00 |
| 9/3/2008 | JPB | Review affidavit of Robert Betts, Jr.; correspondence to David Capuano regarding suggested modifications to affidavit; review revised affidavit; correspondence to David Capuano regarding revised affidavit. | 0.40 | 80.00 |
|  | JPB | Begin drafting motion for default judgment and declaration of attorneys fees. | 0.90 | 180.00 |
| 9/4/2008 | JPB | Review, revise and finalize motion for default judgment and supporting declaration for attorney fees. | 0.60 | 120.00 |
| 9/10/2008 | JPB | Preparation of draft judgment order. | 0.25 | 50.00 |
| 9/11/2008 | JPB | Travel to U.S. District Court; court appearance - motion for judgment by default; return to office. | 1.40 | 280.00 |

**Total Attorney Fees**                         **$1,640.00**

## Costs

| 6/19/2008 | Filing Complaint | 350.00 |
|---|---|---:|
| 6/24/2008 | Paladin Investigations, Inc. - summons and complaint served | 75.00 |
| 7/1/2008 | Copies (86) | 8.60 |

Total Expenses                  $438.32